# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN CHARLES WILLIS, and      :
EVELYN HOLLY WILLIS,        :
                                    :
            Plaintiffs,        :          K18C-05-031 JJC
                                    :          In and for Kent County
            v.                   :
                                    :
BAYHEALTH SURGICAL,       :
ASSOCIATES, JOHN F. GLENN, III  :
M.D., and BAYHEALTH MEDICAL  :
CENTER, INC., D/B/A/ KENT     :
GENERAL HOSPITAL,         :
                                    :
            Defendants.      :

## ORDER

Submitted: June 29, 2018
Decided: July 9, 2018

### Upon Review of the Affidavit of Merit

This matter involves a healthcare negligence suit filed by Plaintiffs John Willis and Evelyn Willis ("Plaintiffs") against Defendants Bayhealth Surgical Associates, John F. Glenn, III, M.D., and Bayhealth Medical Center, Inc. (hereinafter collectively referred to as "Defendants"). Plaintiffs allege negligent medical care arising from treatment in June 2016. Their claims include direct claims for medical negligence against all three defendants. Plaintiffs also fairly raise claims

of vicarious liability as to Defendants Bayhealth Surgical Associates[1] and Bayhealth Medical Center, Inc. All Defendants request review of the affidavit of merit filed in this case for sufficiency against each Defendant.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe that each defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit of merit must be filed under seal, but a defendant may request an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[5] The Delaware Supreme Court has noted that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[6] As a result, the requirements for the affidavit of merit are "purposefully minimal."[7] An affidavit of merit that tracks the statutory language complies with the statute.[8]

As requested, upon an *in camera* review of the affidavit of merit and the expert

---

[1] The Court recognizes Defendant Bayhealth Medical Center, Inc.'s representation in its motion that Bayhealth Surgical Associates is not a legal entity. For purposes of this review, however, the Court must accept as true the Plaintiffs' allegations that Bayhealth Surgical Associates is a separate entity.

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* at § 6853(c).

[4] *Id.*

[5] 18 *Del. C.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Id.*

[8] *See Dishmon*, 32 A.3d at 342.

witness's *curriculum vitae*, the Court finds:

1.  The expert signed the affidavit.

2.  The expert attached a current *curriculum vitae*.

3.  The expert is currently licensed to practice medicine in the State of Delaware.

4.  The expert is board certified in family medicine.

5.  The expert has been treating patients in the same field as the three Defendants for over three years, including the three years immediately preceding the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in wound care.

6.  The affidavit states that reasonable grounds exist to believe that Defendant Bayhealth Medical Center, Inc. and Defendant John Glenn, M.D., breached the applicable standard of care while treating the Plaintiff and that the breaches were a proximate cause of the Plaintiffs' injuries. The affidavit does not address Defendant Bayhealth Surgical Associates.

It therefore follows that the affidavit of merit complies with 18 *Del. C.* § 6853(a)(1) and (c) as to allegations involving Defendants John Glenn, M.D., and Bayhealth Medical Center, Inc.'s treatment of Plaintiff John Willis's wounds. While the expert providing the affidavit of merit was not a surgeon, the Court concludes that based on the doctor's recited experience in wound care as a board certified family medicine doctor, he or she has experience in a similar field of medicine in the relevant field (as to wound care) for more than three years preceding the alleged negligence.

3

The affidavit of merit does not address Defendant Bayhealth Surgical Associates. Accordingly, it follows that it is not sufficient as to any claims of direct negligence or recklessness against Defendant Bayhealth Surgical Associates. Furthermore, after review, the Court finds that the expert's recited experience does not qualify him or her as being an expert in the same or similar field as hospital or facility management. Count III of Plaintiff's complaint includes allegations that Defendant Bayhealth Medical Center, Inc. improperly trained and supervised its personnel, and adopted unreasonable policies and procedures. These allegations focus on alleged facility level negligence (as opposed to direct care allegations) and are not supported by the affidavit.

In the interest of justice, the Plaintiffs are granted thirty days to supplement the record with an affidavit of merit meeting the statutory requirements for sustaining a healthcare negligence action against Defendants Bayhealth Medical Center, Inc, and Bayhealth Surgical Associates involving claims of improper hiring, supervision, training, and facility management. In the absence of a sufficient supplemental affidavit of merit addressing those issues, allegations of negligence based upon facility related management practices against all Defendants shall be deemed dismissed without the need for further action by the Defendants. In addition, because its affidavit of merit does not address Defendant Bayhealth Surgical Associates, the Plaintiffs are likewise provided thirty additional days to supplement as to that entity. Finally, if Plaintiffs file a supplemental affidavit or affidavits, the Court will review them for sufficiency and issue a supplemental order without the need for the Defendants to file an additional motion.

For purposes of the limited review required by the statute, Plaintiffs' affidavit sufficiently supports their claims against Defendants John Glenn and Bayhealth Medical Center, Inc. to the extent they are based upon direct care involving allegedly

4

negligent and reckless wound care. Likewise, Plaintiffs allegations relating to vicarious lability that would follow if Defendant John Glenn was an employee of Defendants Bayhealth Surgical Associates and Bayhealth Medical Center, Inc. are not dismissed as a result of this review.[9]

IT IS SO ORDERED

/s/ Jeffrey J Clark
Judge

---

[9] Plaintiffs appear *pro se* and paragraph 7 of their complaint alleges that Defendant Glenn was employed by Defendants Bayhealth Surgical Associates and Bayhealth Medical Center during times relevant to the allegations in the complaint. Given the deference due a *pro se* filing, the Court finds that such allegations fairly raise issues of *respondeat superior*. Such claims are not claims of independent medical negligence "committed by" a particular defendant and therefore need not be directly supported by an affidavit of merit. *See Buck v. Nanticoke*, 2015 WL 2400537, at *2 (Del. Super. May 19, 2015) (holding that "[i]n recognition of the derivative nature of the potential liability imposed pursuant to a *respondeat superior* claim, the Court concludes that section 6853 does not apply in [such a] context because . . . a vicarious liability claim does not involve a claim of independent 'healthcare medical negligence.'").